Herbert, J.
The questions of law presented in this appeal may be summarized as follows:
Are the persons named in a will as executor and contingent executor competent witnesses to the will? and,
Is a will which is witnessed only by such persons validly executed?
Section 2107.03, Revised Code, provides as follows:
“Except oral wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it, or by some other person in such party’s presence and at his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature.”
“Competent witnesses” are not expressly defined in the chapter on wills, but attention is called to Section 2317.01, Revised Code, which states:
“All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.”
Section 2107.15, Revised Code, specially treats with witnesses to a will who are devisees or legatees thereunder, and voids such devise or bequest if the will cannot be proved except by such testimony. It then provides that “the witness shall then be competent to testify to the execution of the will as if such devise or bequest had not been made.”
The words, “devise or bequest,” as they appear in that section do not encompass the compensation paid to an executor *231 for Ms services on behalf of the estate after the death of the testator.
In Section 2107.60, Revised Code, relating to nuncupative or oral wills, it is provided that such wills shall be valid in respect to personal estate, “if reduced to writing and subscribed by two competent disinterested witnesses within ten days after the speaMng of the testamentary words.” As applied to witnesses, the word, “disinterested,” appears only in this section. It is not found in Section 2107.03, nor is it even found in Section 2107.04, Revised Code, relating to an agreement to make a will, the word, “competent,” alone appearing therein.
Considering the number of years in which the language of these sections has remained practically unchanged, it would seem clear that the absence of the word, “disinterested,” in these other related sections is not a legislative oversight.
Counsel for appellant rely heavily on the case of Vrooman v. Powers, 47 Ohio St., 191, 24 N. E., 267, 8 L. R. A., 39, largely because of the reference therein to the case of Morton v. Ingram (1850), erroneously cited as an Indiana case, but wMeh is, in fact, reported in 11 Iredell’s Law Rep. (33 N. C.), 368, in which case it was held that ‘ ‘ a person, named as executor, is not competent as an attesting witness to a will of personalty.”
We do not consider the Vrooman case, involving as it does a nuncupative will, pertinent to the instant case. It may be noted that, at the time of the Vrooman case, the language of Section 5916, Revised Statutes, provided only that the witnesses to a written will must be “competent” as distinguished from “competent disinterested” and has remained unchanged for more than a century.
The only limitation fixed on witnesses to a written will under Section 2107.03, Revised Code, is that they cannot acquire an interest in the estate of the testator. The rule in Ohio is in accord with the rule in the majority of states. The following paragraph from 57 American Jurisprudence, 241, Section 316, is pertinent:
“In a majority of, although not in all, jurisdictions, the fact that a person is named by a testator in his will as executor does not affect either his or his wife’s competency as an attest *232 ing witness to the will, where he has no interest under the will other than a claim to an allowance from the estate as compensation for services rendered in the administration of the estate. Such is the rule at least, it is said, where the amount of an executor’s commissions is in proportion to the services performed by him. The theory is that the right of the executor to commissions is not a beneficial interest under the will, since he earns the commissions in the eyes of the law, albeit the court may in some instances through its fault award an executor an amount greater than that to which he is entitled. The rule has also been supported on the theory that the person named executor was competent at the time of attestation, which is the time as of which competency is to be determined, since, at that time, his interest as executor, being contingent upon a grant of letters, was dependent and uncertain.”
See, also, Page on Wills (Lifetime Ed.), Section 325, and Thompson, The Law of Wills (3 Ed.), 192, Section 121.
All the foregoing being applicable with respect to the competency of a witness named as executor is equally applicable to a law partner of such witness named as alternate executor.
A further assignment of error by the appellant relates to the action of the trial court in directing the jury to return a verdict for the proponents of the will at the end of all the testimony.
The Court of Appeals considered this assignment of error, and in the opinion it is stated:
“After considering the record, the briefs, and the arguments of counsel, we agree with the holding of the Court of Common Pleas that there was nothing to submit to a jury in this case and that there was the plain duty of the trial judge to direct a verdict.”
Accordingly, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmekman, Taft, Matthias and Bell, JJ., concur.
Peck, J., not participating.